IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
2004 MAY -4 P 4: 17

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES OF AMERICA )
)
v. )
)
JOHN M. PAKALA ) CRIMINAL NO. 03-10317-JLT
ANGEL GONZALES, a/k/a "Porky" )

### JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(C)

The United States and counsel for defendants John M. Pakala and Angel Gonzales file this Joint Memorandum Pursuant to Local Rule 116.5(C) as follows:

1) There are no outstanding discovery issues to be resolved by the Court.

2) The government has provided the defendant with reports concerning test firing of one of the firearms and with a fingerprint examination report relating to an examination of glass jars also at the residence from which the firearms in this case were stolen. The parties anticipate that there may be additional discovery concerning fingerprint examination. The parties previously agreed that the government would provide expert discovery eight weeks before trial and the defense would provide reciprocal discovery four weeks before trial.

3) The defendants do not intend to raise a defense of insanity or public authority.

4)    The government has requested notice of alibi by the defendants.  The defendants state that neither intends to raise an alibi defense.

5) Defendant Pakala anticipates filing a motion to suppress relating to the search of his truck during the investigation of this matter as well as a motion to sever defendants based on a potential *Bruton* issue.  The government will not oppose a severance motion.  Defendant Gonzales does not intend to file any dispositive motion or motion to suppress requiring a ruling by the District Court before trial.

6)    The parties suggest that the Court schedule a date by which all motions to suppress or other dispositive motions be filed.

7)   The parties believe that a trial will be necessary in this case and that it will last about three or four days.

8)  The Court has previously excluded the following periods for purposes of the Speedy Trial Act: October 17 through November 14, 2003; November 14, 2003, through January 6, 2004; January 6, 2004 through February 17, 2004[1]; February 17, 2004 through March 19, 2004; March 19, 2004 through May 5, 2004.  Zero days have elapsed under the Speedy Trial Act.  Absent any further exclusions, trial in this matter would have to commence on or before July 14, 2004.

---

[1]This was ordered as to Defendant Pakala.  The Court's Order of Excludable Delay with respect to Gonzales was from January 6 through February 3, 2004.  The parties submit that the period from February 3 through February 17, 2004, also should be excluded with respect to Gonzales pursuant to 18 U.S.C. § 3161(h)(7).

2

9) The parties estimate that a trial in this case would last about three or four days.

10) Counsel for defendant Gonzales is unavailable on May 5, 2004, and wishes this memo to serve as his report to the Court on the status of the case. The government does not object.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ John M. Hodgens, Jr.
for CATHERINE BYRNE, Esq.
Counsel for Defendant Pakala
Federal Public Defender
408 Atlantic Avenue
Boston, MA 02210
617-232-8061

By: /s/ John M. Hodgens, Jr.
SANDRA S. BOWER
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3184

By: /s/ John M. Hodgens, Jr.
for PAUL MARKHAM, Esq.
Counsel for Defendant Gonzales
PO Box 1101
Melrose, MA 02176
781-665-1800

3