**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
vs.                            )    CRIMINAL ACTION
                               )    NO. 03-10317-JLT
JOHN PAKALA, and               )
ANGEL GONZALES a/k/a "Porky"),)
         Defendants,           )
_____)
```

**ORDER**
**August 4, 2004**

SWARTWOOD, M.J.

**Nature of the Case**

    This matter was referred to me by Order of Reference dated December 3, 2003 for determination of pre-trial proceedings. The Government has filed a Motion For An Order Compelling The Production Of Fingerprints, Palm Prints And DNA Samples (Docket No. 47). The Defendant, John Pakala ("Mr. Pakala"), has filed Defendant's Motion In Opposition To Government's Motion For An Order Compelling The Production Of Fingerprints, Palm Prints And DNA Samples (Docket No. 51).[1]

**Nature of Government's Motion**

    The Government has moved for an order requiring the Defendants, Mr. Pakala and Mr. Gonzales, to provide palm prints and

---

    [1]Since counsel captioned this document as a "motion", rather than simply as an opposition (which is how it should have been captioned), it must be treated as a motion requiring a ruling by the court.

DNA samples.   The Government also requests that three other individuals, Angel Acevedo, James Davis-Sanon and Kenchester Martin (collectively, the "Third Party Individuals") be ordered to provide fingerprints, palm prints and DNA Samples.  The Government intends to use the fingerprints/palm prints/DNA samples to determine if they match prints/DNA taken from two of the firearms at issue in this case.[2]

Both Defendants have filed oppositions to this motion: Mr. Pakala on the grounds that the Government has failed to demonstrate the likely success of such tests or that there exists probable cause to believe that the tests/samples requested will produce evidence that Mr. Pakala committed the crimes with which he has been charged; and Mr. Gonzales on the grounds that he is being charged as an aider and/or abettor and therefore, the elements of the crimes charged against him do not require that he have come in contact with the firearms.

## Discussion

The Indictment charges Mr. Pakala with being a felon in possession of a firearm, possession and sale of stolen firearms and unlicensed dealing in firearms and aiding and abetting the same. Mr. Gonzales is charged with possession and sale of stolen firearms and unlicensed dealing in firearms and aiding and abetting the same[3].  The charges involve four of five firearms which were stolen

---

[2]The Government has unsuccessfully attempted to serve Messrs. Acevedo and Davis-Sanon with copies of this motion.

[3]The Government has made clear in its memorandum, that Mr. Gonzales is being charged with aiding and abetting Mr. Pakala rather than as a principal.

from a residence in Chelsea, Massachusetts where Mr. Pakala had been staying for a few days. Coins were also take from two glass jars during the course of the robbery. Neither Defendant has been charged with any offenses relating to the fifth firearm or the stolen coins. One of the firearms was recovered in Chelsea and two others were recovered in Fitchburg, Massachusetts. The two firearms recovered in Fitchburg have been processed for fingerprints and swabbed for DNA. There appears to be potentially identifiable prints on both firearms (probably all palm prints). Additionally, a palm print has been found on one of the coin jars involved in the robbery. It is unclear at this time whether DNA profiles can be obtained from the swabs taken from the firearms.

At Mr. Pakala's detention hearing held in connection with the underlying Complaint which had issued against him, I found that the evidence against Mr. Pakala is substantial. In its memorandum, the Government has outlined the evidence which it expects to introduce against Messrs. Pakala and Gonzales. The Government's case as it currently stands includes additional evidence to that presented at Mr. Pakala's detention hearing. Additionally, Mr Gonzales has given a statement which implicates both he and Mr. Pakala as well as the Third Party Individuals. The Third Party Individuals, who were not advised of their *Miranda* rights, gave statements to the police in which they admitted that they purchased the firearms.

### 1. <u>Fingerprints/Palm Prints</u>

A defendant may be ordered to submit to the taking of fingerprints. <u>United States v. Kloepper</u>, 725 F. Supp. 638 (D.Mass. 1989). Likewise, the Defendants may be ordered to submit to the taking of their palm prints. The Government has established that there is probable cause to believe that one or both of the Defendants may have handled these firearms. The Government has also established that there is probable cause to believe that whoever stole the firearms handled the coin jar. Under these cirucmstances, the palm print evidence would be relevant whether the Defendant is being charged as a principal or an aider/abettor. Therefore, the Government's motion requesting that the Defendants be ordered to provide palm prints is allowed.

Although the Third Party Individuals do not have a legitimate expectation of privacy in their fingerprints or palm prints, under the circumstances of this case, requiring them to provide the same may implicate their Fourth Amendment right to be free from unreasonable seizures. However, the Government has established probable cause to believe that the Third Party Individuals purchased the firearms in question and, therefore, that any fingerprint(s) and/or palm print(s) found on such firearms could belong to them. Therefore, I am ordering that the Third Party Individuals provide their fingerprints and palm prints to the Government.

2. <u>DNA Samples</u>

Although the issue is not free from doubt, I will assume for purposes of this Order that the DNA swab samples requested by the Government constitute a search under the Fourth Amendment.  Given that the Defendants are under arrest, it is doubtful that requiring the Defendants to submit to a DNA swab would implicate any Fourth Amendment seizure concerns with respect to them.  Nevertheless, I will also assume for purposes of this Order that requiring the Third Party Individuals and the Defendants to provide a DNA sample would implicate their Fourth Amendment right to be free from unreasonable seizures.

Under the circumstances of this case, I find that the Government has established probable cause to believe that any DNA found on the guns could belong to either Defendant or any of the Third Party Individuals.  I also find that a swab test involves minimal intrusion and is appropriate and reasonable under the circumstances.  At the same time, I do not find that the Defendants or the Third Party Individuals should be subject to even the minimal intrusion of a swab DNA test unless it is first determined that any substance found on the firearm(s) has yielded a sufficient DNA profile for comparison.  Therefore, the Defendants and Third Party Individuals must submit to a DNA swab test.  However, that test shall not be performed unless it is determined by the laboratory to which the firearms have been sent that either or both of them contain a substance which yields a DNA profile sufficient for comparison.

- 5 -

### 3. <u>Service On The Third Party Individuals</u>

I am concerned that the Government has not been able to serve a copy of its motion to compel on Angel Acevedo and James Davis-Sanon. Therefore, prior to any Third Party Individual providing and fingerprints, palm prints or DNA samples, the Government shall ensure that both a copy of its motion and copy of this Order has been served on them. The Third Party Individuals shall then have twenty-one (21) days to file a motion for reconsideration of this Order[4]. If no such motion is filed within twenty-one (21) days of any Third Party Individual being served, then such Third Party Individual shall provide fingerprints, palm prints and DNA samples to the Government.

### <u>Conclusion</u>

1. The Government's Motion For An Order Compelling The Production Of Fingerprints, Palm Prints And DNA Samples (Docket No. 47) is <u>allowed</u>, as provided in this Order.

2. Defendant's Motion In Opposition To Government's Motion For An Order Compelling The Production Of Fingerprints, Palm Prints And DNA Samples (Docket No. 51) is <u>denied</u>.


<u>/s/ Charles B. Swartwood III</u>
CHARLES B. SWARTWOOD, III
Magistrate Judge

---

[4]Within twenty-one (21) days of being served, any Third Party Individual may also request that counsel be appointed to represent him with respect to this matter. If any Third Party Individual makes such a request, he will be provided with a financial affidavit and then this Court will make a determination as to whether counsel should be appointed.