UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION |
| | ) | NO. 03-10317-JLT |
| JOHN PAKALA, and | ) | |
| ANGEL GONZALES (a/k/a "Porky"), | ) | |
| | ) | |
| Defendants | ) | |

**THIRD PARTY INDIVIDUALS' OPPOSITION TO GOVERNMENT'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF FINGERPRINTS, PALM PRINTS, AND DNA SAMPLES**

Third Party Individuals, Angel Acevedo and Kencheser Martin, hereby oppose the Government's Motion for an Order Compelling the Production of Fingerprints, Palm Prints, and DNA Samples in the above-titled matter. The Fifth and Fourth Amendment rights of the Third Party Individuals are clearly implicated here. It appears that the Government seeks to compel the identification information based in part on the coerced statements made by the Third Party Individuals at the Chelsea police station, wherein the young men allegedly admitted to buying guns from defendant John Pakala. The Government admittedly failed to advise Mr. Acevedo and Mr. Martin of their rights under Miranda v. Arizona, 384 U.S. 436 (1966), before taking their statements, which would be inadmissible in any criminal proceeding against these young men, and the Government intends to use compelled identification evidence to establish or negate their connection with the charged crime in this case. The Government's use of the Third Party Individuals' un-counseled and unadvised statements as a basis for its Motion to Compel fingerprints, palm prints, and DNA samples, is an impermissible violation of the principles of

Miranda, and the compelled production of such evidence, in this case, violates the Fifth and Fourth Amendment rights of Mr. Acevedo and Mr. Martin.

The Self-Incrimination Clause of the Fifth Amendment provides that an individual cannot be compelled in any criminal case to be a witness against himself. To effectuate the privilege against self-incrimination, Miranda protects individuals from informal compulsion exerted by law-enforcement officers during in-custody questioning. Pennsylvania v. Muniz, 496 U.S. 582, 589 (1990). Here, the young men were not advised of their rights, and they were involuntarily taken to the Chelsea police station for questioning. In this inherently coercive environment, the police interrogated and took statements from Mr. Acevedo and Mr. Martin.[1] Such coerced testimonial statements would be suppressed in any criminal proceeding against these young men, and the statements are an insufficient basis for justifying even a minimal intrusion on the their rights of privacy, dignity and bodily integrity.

While the Government argues that the compelled evidence is not testimonial evidence contemplated by the Fifth Amendment, in fact, the compulsion in this case is precisely the kind of compelled self-incrimination that the Fifth Amendment is designed to prevent. The privilege against self-incrimination "was intended to prevent the use of legal compulsion to extract from the accused a sworn communication of facts which would incriminate him." Muniz, 496 U.S. at 589. Even in cases upholding the constitutionality of compelled production of identifying information, the Court has left open the possibility that compelling evidence of physical characteristics under other circumstances might implicate the Fifth Amendment. See Schmerber v. California, 384 U.S. 757, 767 (1966) (restricting holding to limited factual circumstances);

---

[1] Angel Acevedo is nineteen years old. He was only seventeen years old in June 2003, when the criminal acts alleged would have occurred.

Fraser v. United States, 452 F.2d 616 (7th Cir. 1971).[2]  For example, the Court has said that the Government must forego any statements elicited as a result of administering, or threatening to administer, a blood test.  Schmerber, 384 U.S. at note 9, 767.  Moreover, in those cases where the Court upheld compelled production of identification evidence, like Schmerber (a blood sample) and United States v. Dionosio, 410 U.S. 1 (1973)(a voice exemplar), the compelled party had not previously made an unadvised statement to the police while in custody, which the Government might corroborate via the compelled evidence.[3]

Here, in contrast, the Government coerced statements from the Third Party Individuals and now seeks to confirm these otherwise inadmissible statements by compelling DNA and other evidence from the declarants.  Such evidence implicates the Fifth Amendment in this case, because the compelled provision of this evidence is an attempt to further "extort information" from the Third Party Individuals.  Muniz, 496 U.S. at 594.  In fact, the Government has explicitly stated its intention to use the compelled evidence "to establish or negate their connection to the crime."  See Mem. of Law. In Support of Govt.'s Motion for and Order Compelling the Prod. of Fingerprints, Palm Prints, and DNA Samples, p. 1, 7.  Even if the Court finds that the evidence sought is not "testimonial," it nevertheless implicates the Fifth Amendment because it is sought in part to incriminate the compelled Third Party Individuals and to get around the usual hurdles thrown up around unwarned statements by Miranda.  The Government's attempt to circumvent the protections of the Fifth Amendment should be denied.

---

[2]  Discussing the Seventh Circuit's opinion in United States v. Dionosio, the Court observed that where the witnesses were potential defendants and the purpose of the voice exemplars was to identify the voices obtained by FBI agents pursuant to a court-ordered wiretap, "the self-incriminatory impact of the compelled exemplars was clear.  Thus the compelled exemplars were at odds with the spirit of the Fifth Amendment."  Fraser v. United States, 452 F.2d 616 (7th Cir. 1971) (holding that where immunity coextensive with the Fifth Amendment is granted, the Fourth Amendment does not, without more, require a showing of probable cause or reasonableness before a grand jury subpoena *ad testificandum* may be enforced.) Notably, the Government has not offered immunity to Mr. Acevedo or Mr. Martin.

[3]  In Schmerber, the defendant was advised of his rights and had the opportunity to consult with counsel before declining to take a breathalyzer test.  Thus, unlike here, the compelled physical evidence (a blood alcohol test) could not serve to corroborate a prior unadvised, un-counseled, and coerced statement.

"When the thing forbidden in the Fifth Amendment, namely, compelling a man to be a witness against himself, is the object of a search and seizure of his private papers, it is an 'unreasonable search and seizure' within the Fourth Amendment." Boyd v. United States, 116 U.S. 616 (1886)(finding compelled production of personal papers violated privilege against self-incrimination and constituted an unreasonable search and seizure in a forfeiture proceeding). Thus, the Fifth Amendment illuminates the Fourth. [4] In the same way, the Government's attempt to compel incriminating evidence from the Third Party Individuals, first through an unwarned and coerced statement to the police and now through compelled fingerprint, palm print, and DNA samples is also a violation of their right to privacy and right to be free from unreasonable searches and seizures.

The law is clear that taking a blood sample or DNA sample implicates the compelled individual's right to privacy and right to be free from unreasonable searches and seizures under the Fourth Amendment. See Schmerber, 384 U.S. at 768; Commonwealth v. Maxwell, 441 Mass. 773 (2004)(holding that the Commonwealth must show that the DNA sample sought "will probably provide evidence relevant to the question of the defendant's guilt" in order to compel a buccal swab after a criminal complaint is filed; also noting that if sought at an earlier stage a greater showing is required). In Schmerber, where the defendant was advised of his rights under Miranda and provided with access to counsel, the Court found that the privilege against self-incrimination was not implicated, and therefore the Fourth Amendment's proper function was to

---

[4] "For the 'unreasonable searches and seizures' condemned in the Fourth Amendment are almost always made for the purpose of compelling a man to give evidence against himself, which in criminal cases is condemned in the Fifth Amendment; and compelling a man 'in a criminal case to be a witness against himself,' which is condemned in the Fifth Amendment, throws light on the question as to what is an 'unreasonable search and seizure' within the meaning of the Fourth Amendment." Boyd, 116 U.S. at 633.

constrain against unjustified bodily intrusions.[5] In determining that the compelled blood sample was reasonable, the Court considered it important that there was a "clear indication that in fact evidence of intoxication would be found." 384 U.S. at 770. In contrast, it is not clear that the Third Party Individual's fingerprints, palm prints, or DNA will be found on the recovered firearms. The "supporting" evidence from coerced statements and statements by a self-interested co-defendant is unreliable, and, even if believed, it is unlikely that the fingerprints or DNA profile of the alleged purchasers would remain on the recovered firearms after being handled by others during the intervening months.

Finally, the interests of justice do not require production of fingerprints, palm prints, and particularly, the DNA samples of the Third Party Individuals. Physical evidence connecting the Third Party Individuals to the firearms is not necessary to establish the defendants' guilt. The testimony of John Pakala's former girlfriend, the testimony of co-defendant Angel Gonzales, the testimony of victim Robert Boudrow, the firearms recovered, fingerprints on glass jars in the victim's home, and the fingerprints, palm prints, and DNA samples of the two defendants are some examples of the evidence already available to establish the Government's case. Justice does not require compelling even minimally intrusive testing on potential witnesses, such as Mr. Acevedo and Mr. Martin.[6]

---

[5] The Court held that the taking of blood without a warrant was reasonable, because there was probable cause to believe the defendant had been driving under the influence of alcohol, due to exigency of circumstances there was no time to obtain a warrant, and there was clear indication that evidence of intoxication would be found. Arguably, the reasonableness standard would be higher if the Fifth Amendment is implicated, as it is here.

[6] The level of intrusion to privacy, dignity, and bodily integrity is, of course, subjective. What the Government deems "minimally intrusive" may be perceived as an extreme invasion by the compelled individual. This Court has noted that a DNA sample may be "very intrusive" to a party in the context of a civil case, for example. Harris v. Athol-Royalston Regional School District Committee, et al, 2006 F.R.D. 30, 35 (D.Mass. 2002).

WHEREFORE, for all of the aforementioned reasons, the Government's Motion for an Order Compelling the Production of Fingerprints, Palm Prints, and DNA Samples from Mr. Acevedo and Mr. Martin should be denied.

                                            Respectfully submitted,

                                            ___/s/ Lynne C. Soutter___
                                            Stephen A. Jonas, Esq. (BBO # 542005)
                                            Lynne C. Soutter, Esq. (BBO #657934)
                                            Wilmer Cutler Pickering Hale and Dorr LLP
                                            60 State Street
                                            Boston, MA 02109
                                            (617) 526-6000

                                            Benjamin D. Entine, Esq.
                                            77 Franklin Street, Suite 300
                                            Boston, MA 02110
                                            (617) 357-1612

Date:  November 30, 2004