UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
vs.                            )    CRIMINAL ACTION
                               )    NO. 03-10317-JLT
JOHN PAKALA, and               )
ANGEL GONZALES a/k/a "Porky"), )
         Defendants,           )
_____)
```

ORDER
December 16, 2004

SWARTWOOD, M.J.

### Nature of the Case

This matter was referred to me by Order of Reference dated December 3, 2003 for determination of pre-trial proceedings. This Order addresses the Government's Motion For An Order Compelling The Production Of Fingerprints, Palm Prints And DNA Samples (Docket No. 47) as it relates to the Government's request that specified third party individuals be ordered to submit palm prints, fingerprints and DNA samples.

### Background

The Indictment in this case charges Messrs. Pakala and Gonzalez in connection with the theft of four firearms from a residence in Chelsea, Massachusetts. One of the firearms has since been recovered in Chelsea and two others were recovered in Fitchburg, Massachusetts. The two firearms recovered in Fitchburg

have been processed for fingerprints and swabbed for DNA. The Government has indicated that there appear to be potentially identifiable prints on both firearms (probably all palm prints). It remains unclear at this time whether DNA profiles can be obtained from the swabs taken from the firearms.

Mr Gonzales has given a statement which implicates both he and Mr. Pakala as well as Angel Acevedo, James Davis-Sanon and Kenchester Martin (collectively, the "Third Party Individuals") in the theft/possession of the firearms. The Third Party Individuals, who were not advised of their *Miranda* rights, gave statements to the police in which they admitted that they purchased the firearms.

### **Nature of Government's Motion And Prior Proceedings**

The Government requests that the Third Party Individuals be ordered to provide fingerprints, palm prints and DNA Samples. The Government intends to use the fingerprints/palm prints/DNA samples to determine if they match the prints/DNA taken from two of the firearms at issue in this case.

By Order dated August 4, 2004 (Docket No. 52), I ordered that the Third Party Individuals submit their fingerprints and palm prints and that they provide the Government with DNA samples, subject, however, to their right to obtain counsel and/or file an objection to such Order. Thereafter, each of the Third Party Individuals completed financial affidavits and I determined that each of them was entitled to appointed counsel. Counsel for the Third Party Individuals then filed oppositions to the Government's request.

## **Discussion**

The Third Party Individuals oppose the Government's motion to compel on the grounds that: (i) the Government does not have the authority to bypass the grand jury and seek a direct court order for their prints/DNA; (ii) requiring them to provide the requested prints/DNA samples would violate their Fifth Amendment right against self incrimination; (iii) the Government cannot rely on their *un-Mirandized* statements to establish that there exists probable cause to believe that they possessed the firearms in question; and (iv) if their un *Mirandized* statements are disregarded, the Government has not established that there exists probable cause to believe that their prints/DNA would be found the firearms.  Furthermore, at the conclusion of the hearing on the Government's motion, counsel for the Third Party Individuals argued that the Government's request is premature because it has failed to demonstrate that there is reason to believe that any prints found on any firearms belong to their clients, or that DNA profiles can be obtained from substances found on the firearms.

The Government is essentially seeking an Order which would permit it to obtain evidence to determine whether the Third Party Individuals can be charged with a criminal offense.  Counsel for the Third Party Individuals question whether the Government has the authority to bypass the grand jury and seek direct court authorization to obtain their prints/DNA.  Assuming that the Government has not overstepped its authority, Counsel argue that under the circumstances of this case, the Government has failed to

meet its burden to establish that there exists probable cause to believe that the Third Party Individuals possessed the firearms.

The Government's request raises important questions which implicate significant constitutional rights of the Third Party Individuals.  While the law clearly supports the Government's authority to obtain such information from defendants who have been charged in a case, the source of the Government's authority to obtain such information from uncharged persons such as the Third Party Individuals is far less certain.  Under these circumstances, I agree with the Third Party Individuals that before this Court ultimately rules on the Government's request, the Government should first establish that the following threshold requirements have been met:

> 1. there exist palm and/or finger prints recovered from the firearms which remain unidentified[1];
>
> 2. substance(s) have been found on the firearm(s) which have yielded a sufficient DNA profile for comparison; and
>
> 3. after comparison to the Defendants' DNA, any DNA profile found on the firearms remains unidentified.

## Conclusion

The Government shall notify the Court and counsel for the Third Party Individuals when it has completed all testing necessary to meet the above requirements.  Such notice shall include the

---

[1] I have previously ordered that Messrs. Pakala and Gonzales provide fingerprints/palmprints to the Government and submit DNA samples.  Presumably, their prints have been compared to any prints found on the firearms.  If after comparison it has been determined that all prints lifted from the firearms match one of the Defendants, then there is no reason for the Third Party Individuals to provide their prints to the Government.

- 4 -

results of all such tests.  Furthermore, in light of such results, the Government shall inform the Court and counsel for the Third Party Individuals as to the extent to which it is pursuing its request for the Third Party Individuals' palm prints, finger prints and DNA samples.

/s/ Charles B. Swartwood III
CHARLES B. SWARTWOOD, III
Magistrate Judge
