UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 03-CR-10317-JLT |
| v. ) | |
| ) | |
| ANGEL GONZALES, a/k/a "Porky" ) | |
| Defendant. ) | |

**United States' Opposition to Defendant Gonzales'
Motion to Dismiss Indictment**

The United States respectfully urges the Court to deny the defendant's motion to dismiss the indictment for an alleged Speedy Trial Act violation and asserts that, because of pending motions, there have been zero non-excludable days which have elapsed under the Act. The government submits this response in support of its position.

**Background**

On November 3, 2003, Gonzales made his initial appearance in this court following his arrest on a federal complaint charging him with aiding and abetting unlicensed firearms dealing, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 2. The complaint charged that on June 18, 2003, the defendant aided and abetted John Pakala in the sale of several stolen firearms to three men in Chelsea, Massachusetts. After a detention hearing, Magistrate Judge Dein found that the defendant was a danger to the community and on November 17, 2003, ordered him held without bond pending trial. On December 3, 2003, Gonzales was charged in a superseding indictment, along with Pakala, with possession, sale, and disposal of, and aiding and abetting the sale and disposal of, stolen firearms, in violation of 18 U.S.C. §§922(j) and 2, and with unlicensed dealing, and aiding and abetting unlicensed dealing, in firearms, in violation of 18 U.S.C.

§§922(a)(1)(A) and 2. [D. 19][1] Gonzales was arraigned on the superseding indictment on January 6, 2004. [D.21].

The case proceeded through discovery and on June 1, 2004, Pakala filed a motion to suppress, [D. 38] which was opposed by the government on July 9, 2004, [D.49], and which is still pending before this Court. The suppression motion will require an evidentiary hearing at which one or more law enforcement officers will be called to testify. On February 15, 2005, Pakala also apparently moved to obtain new counsel,[2] [D.70], which was granted after an ex parte hearing on May 2, 2005. [D. 75]. Also pending is Pakala's assented to motion to sever his trial from that of Gonzales. [D.41]. Gonzales has not sought a severance.

Chief Magistrate Judge Swartwood has entered orders of excludable delay which excluded all of the time for both defendants from their arraignments through August 4, 2004, the date of the final status conference and Judge Swartwood's return of the case to the district court.

### Discussion

The Speedy Trial Act ("STA") requires that criminal defendants be tried "within seventy days from the filing date * * * * of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). The STA "mandates the exclusion of certain periods of delay in calculating" the 70 days, however. United States v. Salimonu, 182 F.3d 63, 67 (1st Cir. 1999);

---

[1] Docket entries will be cited by number as follows: [D.__]. Gonzales' case became part of this docket when he was named in the superseding indictment; prior to his indictment, his case was docketed in magistrate case number: 03M-1145-JGD.

[2] Although the motion was sealed and the hearing on the sealed motion conducted ex parte, a new attorney was appointed to represent the defendant shortly thereafter. [D.75]

*see* 18 U.S.C. §3161(h)(1)-(9). For example, delay resulting from a pretrial motion is excludable from "the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. §3161(h)(1)(F). Also excludable is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C.§ 3161(h)(7). The First Circuit has interpreted this provision to mean that "an exclusion applicable to one defendant applies to all codefendants." United States v. Rush, 738 F.2d 497, 503-04 (1st Cir. 1984)("(h)(1)(F) exclusion applies not only to particular defendants who file or join in pretrial motions, but also to codefendants whose trials have not been severed and whose speedy trial time has not otherwise run out"; "(h)(7) 'stops the [speedy trial] clock for one defendant in the same manner and for the same amount of time as for all co-defendants.'"); *see* United States v. Barnes, 251 F.3d 251, 257 (1st Cir. 2001)(noting that Supreme Court has interpreted §3161(h)(7) to mean that "when a joint trial is in prospect, the speedy trial clock seeks the longest available span of time.")

In this case, the defendant is presently joined for trial with Pakala. Pakala's motion to suppress requires a hearing and is pending before the Court. Therefore, the time from the filing of the motion through the conclusion of the hearing on the motion is excludable as to both Pakala and Gonzales. Moreover, Pakala also filed a sealed motion –which the government suggests was one to obtain new counsel–and that motion also provided another basis of excludable delay, which overlaps in part with the delay attributable to the pending motion to suppress. Finally, it is worth noting that Gonzales has not sought either to sever his case from that of his codefendant, or in any way pressed for trial in this matter. See United States v. Maxwell, 351 F.3d 35, 39 (1st

Cir. 2003)(commenting on defendant's failure to challenge district court practice of not deciding any pending motion until magistrate judge had completed work and to move for an expedited ruling on motion to sever.)

## Conclusion

For the foregoing reasons, the United States respectfully requests the Court to deny the defendant's motion to dismiss the indictment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *Sandra S. Bower*
SANDRA S. BOWER
Assistant U.S. Attorney
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3184

### CERTIFICATE OF SERVICE

This is to certify that I have on June 15, 2005, by United States mail, served a copy of the foregoing document on: Paul F. Markham, Esq., P.O. Box 1101, Melrose, MA 02176.

*Sandra S. Bower*
Sandra S. Bower
ASSISTANT UNITED STATES ATTORNEY

4