UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                    Crim. No. 03-CR-10317-JLT

ANGEL GONZALES
          a/k/a "Porky"
                    Defendant.


UNITED STATES' PROPOSED JURY INSTRUCTIONS

    Pursuant to Fed.R.Crim.P. 30, the United States respectfully requests that the following instructions be given to the jury during the trial of this case, as appropriate, and during the Court's charge at the end of the trial.  Except where noted, all the instructions are taken from the Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2003 compilation).

    The United States reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instruction, if any, filed by the defendant and the evidence presented at trial.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:  /s/ Sandra S. Bower
                         SANDRA S. BOWER
                         LISA M. ASIAF
                         Assistant United States Attorney
                         1 Courthouse Way, Suite 9200
                         Boston, MA 02210
                         (617) 748-3184

# Table of Contents

**PRELIMINARY INSTRUCTIONS**                                    **Page No.**

    1.01   Duties of the Jury                          1

    1.02   Nature of Indictment: Presumption          2
           Innocence

    1.04   Preliminary Statement of Elements           3
           of Crime

    1.05   Evidence; Objections; Rulings; Bench        5
           Conferences

    1.06   Credibility of Witnesses                    8

    1.07   Conduct of the Jury                         9

    1.09   Outline of the Trial                       11


**CHARGE INSTRUCTIONS**

**Number**         **Instruction**              **Page No.**

                  Introduction                               13

1               3.01 Duty of the Jury to Find Facts          14
                    and Follow Law

2               3.02 Presumption of Innocence; Proof         15
                    Beyond a Reasonable Doubt

3               3.03 Defendant's Constitutional Right        17
                    Not to Testify

4               3.04 What is Evidence; Inferences            18

5               3.05 Kinds of Evidence; Direct and           19
                    Circumstantial

6               3.06 Credibility of Witnesses                20

| **Number** | **Instruction** | **Page No.** |
|---|---|---|
| 7 | 3.07 Cautionary and Limiting Instructions as to Particular Kinds of Evidence | 21 |
| 8 | 2.07 Weighing the Testimony of an Expert Witness | 22 |
| 9 | 3.08 What is Not Evidence | 23 |
| 10 | Introduction to Offense Instructions | 25 |
| 11 | Possession and Sale of Stolen Firearms; 18 U.S.C. §922(j) | 26 |
| 12 | Unlicensed Dealing in Firearms – 18 U.S.C. §922(a)(1) | 28 |
| 13 | Aid and Abet; 18 U.S.C. §2 | 31 |
| 14 | 2.14 Definition of "Knowingly" | 32 |
| 15 | Proof May Be Disjunctive | 33 |
| 16 | 2.05 Impeachment of Defendant's Testimony by Prior Conviction [if defendant testifies] | 34 |
| 17 | Caution-Punishment | 35 |
| 18 | 6.01 Foreperson's Role; Unanimity | 36 |
| 19 | 6.02 Consideration of Evidence | 37 |
| 20 | 6.03 Reaching Agreement | 38 |
| 21 | 6.04 Return of Verdict Form | 40 |
| 22 | 6.05 Communication with the Court | 41 |

## 1.01 Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

1

## 1.02 Nature of Indictment;
## Presumption of Innocence

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by two Assistant United States Attorneys, Sandra Bower and Lisa Asiaf.  The defendant, ANGEL GONZALES, is represented by his lawyer, Paul Markham.

The defendant has been charged by the government with two violations of federal law.  He is charged with one count of aiding and abetting the sale and disposal of stolen firearms in violation of 18 U.S.C. §§922(j) and 2, and one count of aiding and abetting the unlicensed dealing in firearms in violation of 18 U.S.C. §§922(a)(1)(A) and 2.  The charges against the defendant are contained in the indictment.  The indictment is simply the description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denies committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

## 1.04 Preliminary Statement of
## Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of each of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case.

With respect to Count Two of the Indictment, charging the defendant with a violation of 18 U.S.C. §§922(j) and 2, the government must prove that:

<u>First</u>:     someone else committed the crime of selling and disposing of stolen firearms which had been shipped or transported in interstate commerce; and

<u>Second</u>:   the defendant, ANGEL GONZALES, consciously shared the other person's knowledge of the crime of sale and disposal of stolen firearms, intended to help him, and took part in the endeavor, seeking to make it succeed.

The elements of Count Three, charging a violation of 18 U.S.C. §§922(a)(1)(A) and 2, are that:

<u>First</u>:     someone else committed the crime of unlicensed dealing in firearms; and

<u>Second</u>:   the defendant, ANGEL GONZALES, consciously shared the other person's knowledge of the crime of unlicensed dealing in firearms, intended to help him, and took part in the endeavor, seeking to make it succeed.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is

any difference between what I just told you, and what I tell you
in the instructions I give you at the end of the trial, the
instructions given at the end of the trial govern.

## 1.05 Evidence; Objections; Rulings;
## Bench Conferences

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated--that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1)  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2)  Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3)  Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4)  Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes

6

for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.06  Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

### 1.07 Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case-you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side-even if it is simply to pass the

time of day-an unwarranted and unnecessary suspicion about
your fairness might be aroused.  If any lawyer, party or
witness does not speak to you when you pass in the hall,
ride the elevator or the like, it is because they are not
supposed to talk or visit with you.

Fifth, do not read any news stories or articles about the
case or about anyone involved with it, or listen to any
radio or television reports about the case or about anyone
involved with it;

Sixth, do not do any research, such as consulting
dictionaries or other reference materials, and do not make
any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a
signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict
should be until after you have gone to the jury room to
decide the case and you and your fellow jurors have
discussed the evidence.  Keep an open mind until then.

### 1.09 Outline of the Trial
[bolded portion relates to when or if
defense counsel will make opening statement]


The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.  **[After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.]**

Next the government will offer evidence that it says will support the charge against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may **[make an opening statement and]** present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt.

11

The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA


v.                                              Crim. No. 03-CR-10317-JLT

ANGEL GONZALES
          a/k/a "Porky"
                    Defendant.



COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

**#1**                    **3.01 Duty of the Jury to**
                     **Find Facts and Follow Law**


It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return-that is a matter entirely for you to decide.

14

**#2**          **3.02 Presumption of Innocence;**
              **Proof Beyond a Reasonable Doubt**


It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, ANGEL GONZALES, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

**#3      3.03 Defendant's Constitutional Right Not to Testify**


The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

#4                    3.04 What Is Evidence; Inferences


        The evidence from which you are to decide what the facts are
consists of sworn testimony of witnesses, both on direct and
cross-examination, regardless of who called the witnesses; the
exhibits that have been received into evidence; and any facts to
which the lawyers have agreed or stipulated.  A stipulation means
simply that the government and the defendant accept the truth of
a particular proposition or fact.  Since there is no
disagreement, there is no need for evidence apart from the
stipulation.  You must accept the stipulation as fact to be given
whatever weight you choose.

        Although you may consider only the evidence presented in the
case, you are not limited in considering that evidence to the
bald statements made by the witnesses or contained in the
documents.  In other words, you are not limited solely to what
you see and hear as the witnesses testify.  You are permitted to
draw from facts that you find to have been proven such reasonable
inferences as you believe are justified in the light of common
sense and personal experience.

18

#5                      **3.05 Kinds of Evidence:**
                       **Direct and Circumstantial**


There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

#6                          3.06 Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

20

**#7**        **3.07 Cautionary and Limiting Instructions**
             **as to Particular Kinds of Evidence**


A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

**#8        2.07 Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.  You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness' education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

#9                        **3.08 What is Not Evidence**


    Certain things are not evidence.  I will list them for you.


(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.


(2)  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.


(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.


(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)  The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has had an indictment filed against him is not evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

#10              **Introduction to Offense Instructions**


In this case, as you know, the indictment charges two offenses called "counts."  I will not read the counts to you because you will be given a copy of the indictment for study during your deliberations.  In summary, Count Two charges that the defendant aided and abetted someone else in the illegal sale and disposal of stolen firearms.  Further, Count Three charges that the defendant aided and abetted someone else in the unlicensed dealing in firearms.

Modified from Eleventh Circuit District Judges Association,
Pattern Jury Instructions Committee, <u>Pattern Jury Instructions,
Criminal Cases</u> (1985).              25

**#11**                          **Sale of Stolen Firearms**
                                **18 U.S.C. §922(j)**


Title 18, United States Code, Section 922(j), makes it a federal crime for anyone to possess, sell or dispose of any stolen firearm which had been shipped in interstate commerce. For you to find the defendant guilty of aiding and abetting this crime you must first be convinced that the government has proved that someone, other than the defendant, committed the crime of selling or disposing of stolen firearms by establishing each of the following elements beyond a reasonable doubt:

   First:    That the firearms listed in the indictment were stolen and then sold or disposed of;

   Second:   That either before or after the firearms were stolen, they had traveled in interstate commerce;

   Third:    That the person selling or disposing of the firearms did so either knowing or having reasonable cause to believe that the firearms were stolen.

The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon.

To travel in interstate commerce means that at any time after the firearm was manufactured, it moved from one state to another or from a foreign country into the United States. the travel need not have been connected to the charges in the

26

indictment and need not be in furtherance of any unlawful
activity.

18 U.S.C. 922(j); 18 U.S.C. §921(a)(3); see also, First Circuit
Pattern Instruction 4.18.922(g).

**#12**                          **Dealing in Firearms**
                                  **Without a License**
                          **18 U.S.C. § 922(a)(1)**

Title 18, United States Code, Section 922(a)(1), makes it a federal crime or offense for anyone to engage in the business of dealing in firearms or ammunition without a federal license.  To prove that the defendant aided and abetted the commission of this crime, the government must first show that someone, other than the defendant, committed the offense by establishing the following elements beyond a reasonable doubt:

<u>First</u>, that this other person engaged in the business of dealing in firearms; and

<u>Second</u>, that this other person engaged in such business without a license issued under federal law.

A dealer in firearms is any person who engages in the business of selling firearms at wholesale or retail.

The term "engaged in the business" is defined as a person who devotes time, attention and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms.  There is no minimum number of sales that must take place, however, an isolated sale or two of a small number of firearms will not suffice.  The term "dealing," connotes a regular course of conduct carried on over a period of time, or at least, on more than one or two unrelated occasions. Consequently, the term does not include a person who makes

28

occasional sales, exchanges or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

The term "with the principal objective of livelihood and profit" means that the intention underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection. Proof of profit is not required, however, as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes.  Furthermore, the government is not required to prove either that dealing in firearms was the defendant's primary occupation or that he actually profited from such activity.  The statute is aimed broadly at those who hold themselves out as a source of firearms.  Thus, it is sufficient if the government establishes by its proof that the defendant had guns on hand, or was ready and able to procure them, for the purpose of selling them from time to time to such persons as might be accepted as customers.

Because the statute does not establish a specific quantity or frequency requirement with respect to the defendant's alleged sale of firearms, the finder of fact must examine his intent in light of all of the circumstances surrounding the acts alleged to constitute engaging in the business of dealing in firearms.  To

29

be clear, though, even though the indictment which charges the
defendant with engaging in the unlicensed dealing of firearms
refers to four firearms, it is sufficient for purposes of
conviction if you find beyond a reasonable doubt that the
defendant has engaged in unlicensed gun dealing with respect to
any of the firearms.

Eleventh Circuit Pattern Instructions No. 20; 18 U.S.C. §§
921(a)(11), 921(a)(21)(C), 921(a)(22); United States v. Tarr, 589
F.2d 55, 59-60 (1st Cir. 1978); United States v. Murphy, 852 F.2d
1, 8 (1st Cir.), cert. denied, 489 U.S. 1022 (1989).

#13                          **4.18.02 Aid and Abet**
                            **18 U.S.C. §2**

To "aid and abet" means intentionally to help someone else commit the charged crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt:

<u>First</u>, that someone else committed the underlying crimes, that is, in Count Two, sale and disposal of stolen firearms or in Count Three, unlicensed dealing in firearms, and;

<u>Second</u>, that the defendant consciously shared the other person's knowledge of the crimes, intended to help him, and took part in the endeavor, seeking to make it succeed.

The defendant need not perform the crime of sale and disposal of stolen firearms, or unlicensed dealing in firearms, be present when the crimes are performed, or be aware of the details of their execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of the crime of sale and disposal of stolen firearms and knowledge that the crime of sale and disposal of stolen firearms is being committed are also not sufficient to establish aiding and abetting.

31

**#14**                    **2.14 Definition of "Knowingly"**

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

#15                    **Proof May Be Disjunctive**


    Although the indictment charges the defendant with aiding and abetting the sale and disposal of four stolen firearms, using the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.  That is to say, assuming all other elements have been proven beyond a reasonable doubt, you may convict the defendant if you unanimously find that he aided and abetted the sale or disposal of any of the four firearms alleged in the indictment.

<u>United States v. Garcia-Torres</u>, 341 F.3d 61, 66-67 (1st Cir. 2003)

33

**#16          2.05 Impeachment of Defendant's Testimony**
**by Prior Conviction**
**[if Defendant testifies]**


You have heard evidence that the defendant was convicted of a crime.  You may consider that evidence in deciding, as you do with any witness, how much weight to give the defendant's testimony.  The fact that the defendant was previously convicted of another crime does not mean that he committed the crime for which he is now on trial.  You must not use that prior conviction as proof of the crime charged in this case.

**#17**                    **Caution-Punishment**


I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty.  The defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted the matter of punishment is for the Judge to determine.

#18                          **6.01 Foreperson's Role; Unanimity**


I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

**#19**                    **6.02 Consideration of Evidence**


Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

**#20**                    **6.03 Reaching Agreement**


Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if your are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

38

conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.

**#21**                    **6.04 Return of Verdict Form**

I want to read to you now what is called the verdict form.
This is simply the written notice of the decisions you will reach
in this case.

[Read Form]

After you have reached unanimous agreement on a verdict,
your foreperson will fill in the form that has been given to you,
sign and date it, and advise the jury officer outside your door
that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will
deliver the completed verdict form as directed in open court.

#22                 6.05 Communication with the Court


     If it becomes necessary during your deliberations to
communicate with me, you may send a note through the jury officer
signed by your foreperson or by one or more members of the jury.
No member of the jury should ever attempt to communicate with me
on anything concerning the case except by a signed writing, and I
will communicate with any member of the jury on anything
concerning the case only in writing, or orally here in open
court.  If you send out a question, I will consult with the
parties as promptly as possible before answering it, which may
take some time.  You may continue with your deliberations while
waiting for the answer to any question.  Remember that you are
not to tell anyone--including me--how the jury stands,
numerically or otherwise, until after you have reached a
unanimous verdict or have been discharged.