UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.    ) | Crim. No.  03-10317-JLT |
| ) | |
| JOHN M. PAKALA, and    ) | |
| ANGEL GONZALES, a/k/a "Porky,"    ) | |
| Defendants.    ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT ANGEL GONZALES' MOTION IN LIMINE

The United States of America (the "Government") submits this memorandum in opposition to the Motion in Limine filed by the defendant Angel Gonzales, a/k/a "Porky" ("Gonzales") in the above captioned matter.  Gonzales's motion should be denied because none of the statements that the Government intends to elicit from the witness at issue, Pauline Hassett, violates the Confrontation Clause of the Sixth Amendment or Crawford v. Washington, 541 U.S. 36 (2004).

Specifically, the Government intends to elicit the following two statements, which Gonzales's co-defendant, John Pakala ("Pakala"), made to Pauline Hassett on or before June 18, 2003, when five firearms were stolen from the residence in Chelsea, Massachusetts, where Pakala was staying:

        (1)    Pakala told Hassett that he found five handguns in the upstairs closet and that he was going to steal the guns, and

        (2)    Pakala told Hassett that he stole the guns and that he had sold all five of them.

Both of these statements are admissible at trial.  As an initial matter, both statements are clearly relevant here as Gonzales is charged with, *inter alia*, aiding and abetting the possession and sale of the firearms stolen by Pakala on or about June 18, 2003.  The first statement (that Pakala

was going to steal five handguns that he found in the upstairs closet) is admissible under both Fed.R.Evid. 803(3) as a statement of Pakala's then-existing intent and Fed.R.Evid. 804(b)(3) as a statement against Pakala's penal interest. The second statement (that Pakala did, in fact, steal the guns and sold all five of them) is also admissible under Fed.R.Evid. 804(b)(3) as a statement against Pakala's penal interest.

Specifically, both of these statements constitute "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed.R.Evid. 804(b)(3). Neither of these statements are inadmissible under Bruton v. United States, 391 U.S. 123 (1968) because neither statement references the defendant Gonzales in any way. See Bruton, 391 U.S. at 126 (holding that Confrontation Clause precludes admission of non-testifying co-defendant's confession where confession named *both* defendants); Richardson v. Marsh, 481 U.S. 200 (1987) (ruling Bruton does not apply where confession has been redacted to remove any reference to defendant); United States v. Sotomayor-Vazquez, 249 F.3d 1, 11 (1st Cir. 2001) ("[n]o *Bruton* error occurs when the statements are only incriminating because they have been 'linked with evidence introduced at trial'") (quoting Richardson, 481 U.S. at 208).[1]

The first statement is also admissible under Fed.R.Evid. 803(3) because it is a statement of

---

[1] By contrast, the Government does *not* seek to elicit a third statement made by Pakala to Ms. Hassett. In addition to the foregoing statements, Pakala also told Ms. Hassett that "Porky" helped him sell four of the five guns he stole. Although this statement is not admissible under Bruton because it specifically references and implicates Gonzales, the Court could admit this statement after sanitizing it by replacing the reference to "Porky" with a neutral pronoun. See United States v. Verduzco-Martinez, 186 F.3d 1208 (10th Cir. 1999).

Pakala's then-existing intent to steal the firearms at issue.  Under Rule 803(3), a statement is not excluded by the hearsay rule if it is "[a] statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, ...), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."  Fed.R.Evid. 803(3).  Pakala's statement that he was going to steal the guns clearly falls within the explicit text of this rule.  See also Horton v. Allen, 370 F.3d 75 (1st Cir. 2004) (statement evidencing declarant's state of mind fall within firmly rooted hearsay exception under Fed.R.Evid. 803(3)).

      Contrary to the defendant's motion, neither of these statements violates the Confrontation Clause as interpreted by Crawford v. Washington, 541 U.S. 36 (2004).  Crawford specifically states that it only applies to "testimonial hearsay" and neither of these statements constitutes "testimonial hearsay" as defined Crawford and its progeny.  See  Crawford, 541 U.S. at 68 (defining "testimonial hearsay" as "at a minimum [] prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and [statements made during] police interrogations"); United States v. Rodriguez-Marrero, 390 F.3d 1, (1st Cir. 2004) (holding signed confession presented under oath to prosecutor was "testimonial hearsay" under Crawford because definition includes "'extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions'") (quoting Crawford, 541 U.S. at 51-52); Horton, 370 F.3d at 84 (discussing limits on "testimonial hearsay" under Crawford).  Pakala's statements to Hassett, a friend with whom he had a short romantic relationship, which were made in the casual setting of her home, simply do not rise to the level of "prior testimony" or "extrajudicial statements ... in formalized testimonial materials" for purposes of Crawford.  See Horton, 370 F.3d at 84 (statements made "during a private conversation" not "testimonial" within

meaning of Crawford); United States v. Saget, 377 F.3d 223, (2d Cir. 2004) (holding co-conspirator's statements to confidential informant, whose status was unknown to co-conspirator at time of statement, did not constitute "testimonial hearsay" under Crawford and were properly admitted as statement against penal interest) (cited by First Circuit in Rodriquez-Marrero, 390 F.3d 1, 17 (1st Cir. 2004)).

    For all of the foregoing reasons, we respectfully request that this Honorable Court deny the defendant's motion in limine and allow the Government to elicit the statements set forth above.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorneys,

By:   */s/ Lisa M. Asiaf*
    SANDRA S. BOWER
    LISA M. ASIAF
    Assistant U.S. Attorneys
    One Courthouse Way
    Boston, MA 02210
    Tel: (617) 748-3100

Dated: August 5, 2005

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served a copy of the foregoing document upon any/all counsel of record who do not automatically receive service of process via the Court's ECF filing system.

    /s/ Lisa M. Asiaf
    LISA M. ASIAF